IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

        Petitioner,

v.                                          No. CIV 09-625 RB/RHS

JAMES JANECKA,

        Respondent.

**ORDER TO SHOW CAUSE**
**WHY THIS PROCEEDING SHOULD NOT BE DISMISSED AS MOOT**

        THIS MATTER is before the Court on Petitioner John Paul Thomas's ("Thomas") Motion for Relief brought under 28 U.S.C. § 2241 ("petition"), filed June 24, 2009. [Doc. 1.] Thomas challenges the execution of his sentence, claiming that he was deprived of meritorious deductions without due process while held in prehearing detention. Specifically, he contends he was denied nineteen (19) days of good time when he was in protective custody or administrative segregation and awaiting final classification and placement. [Doc. Nos. 1, 15, 26.] In his prayer for relief, Thomas requested the Court to "declare the rights of the parties," and "issue a habeas corpus granting the instatement of all, but only, the good-time credits that were not originally instated strictly due to the claims within the petition." [Doc. 1, p. 5.]

        When Thomas filed his § 2241 petition, he was in the lawful custody of Respondent James Janecka ("Respondent") pursuant to a valid Judgment, Order and Commitment to the Department of Corrections filed in the Third Judicial District Court, Dona Ana County, Cause No. CR-2007-

1

1489, entered on June 9, 2008. [Doc. 26, ¶ 1.] Thomas was sentenced to a total term of incarceration of two years and six months to be followed by one year on parole. [Id., at ¶ 3.]

On October 15, 2009, after requesting and receiving an extension of time, Respondent filed an Answer. [Doc. 26.] Respondent observed that as of the date the Answer was filed, Thomas was serving in-house parole "pending the submission and approval of a parole plan." [Id., at ¶ 4.]

On March 25, 2010, Thomas filed a notice of change of address, providing a non-prison mailing address in Nebraska. [Doc. 35.] Also on March 25, 2010, Thomas filed objections to an earlier Order issued by the Court, wherein he stated he had filed two motions and mailed a letter explaining his release was imminent. [Doc. 36, p. 1.] At this time, it is unknown whether Thomas is still serving any portion of his parole or whether he completed the one-year period of parole while incarcerated.

The federal writ of habeas corpus does not extend to a prisoner unless "[h]e is in custody in violation of the Constitutions or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). While Thomas no longer is in prison, the "in custody" requirement of § 2241 is satisfied because he filed his habeas petition while incarcerated. *See* Spencer v. Kemna, 523 U.S. 1, 7 (1998); Riley v. INS, 310 F.3d 1253, 1256 (10th Cir. 2002). The question now is whether Thomas's release from prison moots his § 2241 petition because he no longer presents a case or controversy as required under Article III of the Constitution. Spencer, 523 U.S. at 7.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome.

McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted).

When a prisoner is released from custody while his habeas petition is pending, the court's jurisdiction depends on the existence of "collateral consequences of the conviction." Lucero v. McKune, 340 F. App'x 442, 443-44 (10th Cir. Aug. 4, 2009) (unpublished) (*citing* Spencer, 523 U.S. at 7). "In other words, [Thomas] must demonstrate 'some concrete and continuing injury.'" Id.

This not a case where Thomas challenged his criminal conviction. Instead, he argued only that he was denied issuance of 19 days of good-time credit while incarcerated. It is unclear that there are any "collateral consequences" at this time sufficient to meet Article III's injury-in-fact requirement. *See id.* at 443-44. Even if the Court concluded that Thomas was improperly denied 19 days of good-time credit, it appears that Thomas's release from prison moots the claim. This is true, in part, because federal courts "are not in the business of pronouncing past actions which have no demonstrable continuing effect were right or wrong." Id. at 444 (*citing* Spencer, 523 U.S. at 18). Thus, under these circumstances, there is nothing for the Court to remedy.

However, it is possible, *albeit* unlikely here, that a case might not be moot if the petitioner remained on parole and his parole period would be shortened if he prevailed on the merits of his claim. *See* Aycox v. Lytle, 196 F.3d 1174, 1176 n. 2 (10th Cir. 1996). *But see* Parker v. Winn, 210 F.3d 375 (Table, Text in Westlaw) (7th Cir. Apr. 10, 2000) (unpublished opinion) (observing amount of time petitioner spent in prison cannot be undone, after release, and finding no allegations of collateral consequences from not receiving the good time and parole credits); Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding that a habeas challenge to a loss of good time credits would be rendered moot by one's release from custody where the discipline had no collateral consequences that followed release), *cert. denied*, 540 U.S. 1218 (2004); Garrett v. Marshall, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009) (habeas application challenging prison disciplinary conviction and loss of good time found to be rendered moot by petitioner's release on parole). Most

likely, this is a case where there is no further relief the Court can provide because petitioner will be unable to identify any collateral consequences that would warrant the retention of the action.

The Court issues this Order to Show Cause why Thomas's § 2241 petition should not be dismissed, without prejudice, as moot. Thomas will have until no later than November 22, 2010, in which to file a response to the Order to Show Cause, demonstrating, if he can, why his release has not rendered the § 2241 petition moot.

IT IS SO ORDERED.

*Robert Hayes Scott*
ROBERT H. SCOTT
UNITED STATES MAGISTRATE JUDGE